FILED & ENTERED

JUL 09 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Mehri Akhlaghpour<br><br><br><br><br><br>Debtor. | Case No.: 1:17-bk-12739-VK<br><br>CHAPTER 11<br><br>**ORDER DENYING DEBTOR'S APPLICATION FOR A STAY OF ORDERS APPROVING SALE OF REAL PROPERTIES**<br><br>[No Hearing Required] |

### I. BACKGROUND

On October 11, 2017, Mehri Akhlaghpour ("Debtor") filed a voluntary chapter 11 petition. On February 1, 2018, the Court entered an order directing the appointment of a chapter 11 trustee [doc. 101], and on February 6, 2018, the Court entered an order approving the appointment of Nancy J. Zamora (the "Trustee") as chapter 11 trustee [doc. 107].

On April 12, 2018, the Trustee filed a motion to sell [doc. 175] the real property located at 17315 Cagney Street, Granada Hills, California 91344 (the "Cagney Property"). On the same day, the Trustee filed a motion to sell [doc. 178] the real property located at 16320 Gledhill Street, North Hills, California 91343 (the "Gledhill Property").

Debtor opposed both motions [docs. 199, 200], arguing that the Trustee sought to sell substantially all of the estate's assets, that the Cagney Property and the Gledhill Property should be sold through a chapter 11 plan, that the sales constituted an improper *sub rosa* plan and that a sale under 11 U.S.C. § 363(b) violated Debtor's due process rights.  In both oppositions, Debtor stressed that the Court should deny the motions in favor of allowing Debtor to file a chapter 11 plan of reorganization.  On May 3, 2018, the Court held a hearing on the motions to sell the Cagney Property and the Gledhill Property.  At that time, the Court issued a ruling (the "Ruling") [doc. 213] approving the sales of the properties and finding that: (A) the Trustee had a good business reason justifying the sales of the Cagney Property and the Gledhill Property; (B) both properties were sufficiently marketed and reflected the market price of each property; (C) the sales did not constitute an improper *sub rosa* plan; and (D) Debtor's due process rights were not violated by the sales.  On May 15, 2018, the Court entered two orders approving the sales of the Cagney Property [doc. 225] and the Gledhill Property [doc. 226] (collectively, the "Sale Orders").

On May 17, 2018, Debtor filed a proposed chapter 11 plan (the "Plan") [doc. 236] and related disclosure statement (the "Disclosure Statement") [doc. 235].  Upon reviewing Debtor's application for an order setting the hearing on the Disclosure Statement on shortened notice, the Court set the hearing on the adequacy of the Disclosure Statement for 2:00 p.m. on July 5, 2018 [doc. 240].

On May 25, 2018, Debtor filed a motion to reconsider the Sale Orders (the "Motion for Reconsideration") [doc. 245].  Concurrently, Debtor filed a motion to stay the enforcement of the Sale Orders (the "Motion for Stay") [doc. 243].  In the Motion for Stay, Debtor requests relief under Federal Rule of Bankruptcy Procedure ("FRBP") 8007, on the basis that a stay of the Sale Orders is required to ensure that Debtor is able to file a plan of reorganization.  On June 1, 2018, the Trustee filed an omnibus opposition to the Motion for Reconsideration and the Motion for Stay (the "Opposition") [doc. 251].  In the Opposition, the Trustee notes that the sale of the Gledhill Property closed prior to or at the same time as the filing of the Motion for Reconsideration and the Motion for Stay, rendering both motions moot as concerns the Gledhill

1  Property.  With respect to the Cagney Property, the Trustee asserts that Debtor has not met her
2  burden of demonstrating that a stay of the Sale Orders is warranted in this case.

## II. ANALYSIS

As a preliminary matter, the Motion for Stay appears to be moot as concerns the Gledhill Property because, according to the Trustee, the sale of the Gledhill Property has already closed. Even if the Motion for Stay is not moot as to the Gledhill Property, the Court finds that Debtor has not demonstrated that a stay of either of the Sale Orders is warranted in this case.

Pursuant to FRBP 8007(a)(1)(A), "[o]rdinarily, a party must move first in the bankruptcy court for…a stay of judgement, order, or decree of the bankruptcy court pending appeal." "A court has considerable discretion when determining whether to issue a stay pending appeal." *In re GGW Brands, LLC*, 2013 WL 6906375, at *10 (Bankr. C.D. Cal Nov. 15, 2013) (citing to *Nken v. Holder*, 556 U.S. 418, 433-34, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009)).

"Although the decision whether to stay proceedings is dependent on the circumstances of the particular case, '[a] discretionary stay should be sparingly employed and reserved for the exceptional situation.'" *GGW Brands*, at * 10 (citing *In re O'Kelley*, 2010 WL 3984666, at *4 (D. Haw. 2010)).  The party requesting a stay  bears the burden of "showing that the circumstances justify an exercise of that discretion." *Nken*, at 556 U.S. at 433-34.  The court considers four factors when determining whether to issue a stay pending appeal:

1. Whether the stay applicant has a made a strong showing that he is likely to succeed on the merits
2. Whether the applicant will be irreparably harmed
3. Whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
4. Where the public interest lies

*Id*., at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also In re N. Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008).  The four factors may be weighed in a sliding scale, "where a stronger showing of one element may offset a weaker showing of another" *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### A. Likelihood of Success on the Merits

"While it is not necessary for [movant] to show that it is more likely than not that it will win on the merits, 'at a minimum' the petitioner must show that there is a 'substantial case for relief on the merits.'" *In re Blixseth*, 509 B.R. 701, 706 (Bankr. D. Mont. 2014) (quoting *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012)). "[I]t is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" *Lair*, 697 F.3d at 1204 (quoting *Nken*, 556 U.S. at 434).

Here, Debtor has not demonstrated that she has a substantial case for relief on the merits. In the Motion for Stay, Debtor does not offer any new basis demonstrating that Debtor is likely to prevail on the merits. Instead, Debtor asserts, as she did in opposition to both sales, that the Sale Orders interfere with Debtor's ability to propose a chapter 11 plan of reorganization. However, as discussed in more detail below, the Sale Orders do not prevent Debtor from pursuing a plan of reorganization; the Plan currently proposed by Debtor does not require rental income from the Cagney Property or the Gledhill Property, Debtor does not contemplate selling either property through the Plan and, if Debtor is able to confirm a plan in the future, the net proceeds from both sales may be used by Debtor, in connection with that plan.

Moreover, in the Ruling, the Court already discussed in detail why the Trustee could move forward with the sales of the Cagney Property and the Gledhill Property over Debtor's objections. Namely, the Court found that the Trustee demonstrated a good business reason justifying the sale, the Trustee sufficiently marketed both properties and obtained a reasonable sale price, the sales did not constitute an impermissible *sub rosa* plan and the sales did not violate Debtor's due process rights. Debtor has not presented any new arguments in the Motion for Stay that would compel the Court to alter its ruling or believe that Debtor is likely to succeed on the merits on appeal. Consequently, this factor weighs against granting the Motion for Stay.

### B. Whether Applicant Will Be Irreparably Harmed

Following the Supreme Court's ruling in *Nken*, the Ninth Circuit Court of Appeals held that the movant has a higher burden regarding the second factor, irreparable injury. *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). In *Leiva-Perez*, the Ninth Circuit explained that

"on a stay application, a court often cannot reasonably determine whether the petitioner is more likely than not to win on the merits, but typically it is easier to anticipate what would happen as a practical matter following the denial of a stay." *Id*.

As a threshold requirement, the movant must always show that irreparable harm is probable. *Id*., at 965 (It is a "bedrock requirement that stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors."). Conversely, however, "even certainty of irreparable harm has never *entitled* one to a stay." *Id*. (emphasis in original).

Debtor asserts that she will suffer irreparable harm without a stay of the Sale Orders because she will be unable to propose a chapter 11 plan of reorganization. However, the Sale Orders do not have a significant effect on Debtor's proposed chapter 11 plan. The Plan does not depend on the rental income from the Cagney Property and the Gledhill Property. Although Debtor includes rental income from those properties in her calculation of disposable income available to creditors, Debtor's income from her wages and dividends is sufficient to make the proposed monthly payments.

Moreover, the Plan does not contemplate a sale of either the Cagney Property or the Gledhill Property. Even if it did, Debtor's argument that the Cagney Property and the Gledhill Property will significantly increase in value is speculative. Even if the subject properties increased in value, as noted above, Debtor does not need the proceeds to fund the Plan. Finally, to the extent Debtor wants to utilize the net sale proceeds, the Trustee has not distributed the proceeds; Debtor may access the sale proceeds for use in a future plan of reorganization, assuming the proposed plan of reorganization is otherwise confirmed. Debtor not having articulated any other reason Debtor will face irreparable harm, this factor weighs against a stay of the Sale Orders.

*C. Whether Other Parties Interested in the Proceeding Will Be Substantially Injured*

Debtor asserts that there will be no harm to the estate or to creditors of the estate if the Court grants the Motion for Stay. However, Debtor does not consider the purchasers of the Cagney Property or the Gledhill Property, who will be greatly injured if the Court prohibits

enforcement of the Sale Orders until the conclusion of an appeal. Moreover, as noted by the Trustee in the Opposition, a stay of the Sale Orders will postpone the transfer of sale proceeds into the estate and inhibit the Trustee's ability to propose a chapter 11 plan. Unlike the Plan proposed by Debtor, the Trustee suggests that her plan of reorganization may be a liquidating plan that does require the use of sale proceeds to be feasible. Thus, this factor also weighs against granting the Motion for Stay.

### D. The Public Interest

To the extent that the public interest factor is applicable, prompt administration is a "chief purpose" of the bankruptcy laws, and generally, the public interest weighs against a stay, and in favor of moving forward with the case. Fed. R. Bankr. P. 1001 (stating that the Federal Rules of Bankruptcy Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding"); *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966) ("[T]his Court has long recognized that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of estate of all bankrupts within a limited period.'"); *Dynamic Fin. Corp. v. Kipperman*, 395 B.R. 113, 127 (S.D. Cal. 2008) (finding that the "public interest in speedy and accurate bankruptcy proceedings warrants denying the application for stay of the bankruptcy court's Order") (emphasis omitted).

Debtor suggests that the public interest lies in allowing for consideration of a plan of reorganization. However, the Sale Orders do not prevent Debtor from proposing a chapter 11 plan, and, as a result, any public interest in preserving the goal of a chapter 11 case is not thwarted by denying the Motion for Stay. In contrast, a stay of the Sale Orders would delay the prompt administration of this estate. Consequently, the public interest also favors denying the Motion for Stay.

///
///
///
///
///

### III. CONCLUSION

For the reasons set forth above and good cause appearing, it is hereby

ORDERED, that the Motion for Stay is denied.

###

Date: July 9, 2018

Victoria S. Kaufman
United States Bankruptcy Judge